```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-24491-CIV-SCOLA
                              MAGISTRATE JUDGE P. A. WHITE
```

WILLIAM EDMOND,

    Plaintiff,

                          REPORT OF MAGISTRATE JUDGE

DEPARTMENT OF CORRECTIONS,

    Defendant.

_____/

    This matter is before the court on movant's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. This case has been referred to the undersigned for consideration and report. DE#2. As discussed below, the case should be **TRANSFERRED** to the Middle District of Florida.

    Plaintiff's complaint was docketed on October 24, 2018. DE#1. Plaintiff's complaint is vague and meandering. However, its gist is that the prison where he is housed, Florida State Prison, is interfering with his legal mail and access to the courts. See id. at 2.

    Florida State Prison is located in Bradford County, Florida. Bradford County is located in the Middle District of Florida. 28 U.S.C. § 89(b).

    Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

    A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Further, 42 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision whether to transfer or dismiss a case pursuant to § 1406(a) "is left to the sound discretion of the district court." Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam).

Here, plaintiff resides in the Middle District of Florida. Furthermore, as pleaded, the complaint reflects that the alleged events and/or omissions giving rise to his claims occurred in the

Middle District of Florida.[1] Therefore, under § 1391(b)(1)-(2), the Middle District of Florida is the proper venue.[2]

Accordingly, for the foregoing reasons, it is recommended that this case be **TRANSFERRED** to the Middle District of Florida. It is further recommended that the case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 148-53 (1985); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 30th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner's complaint could arguably be read for the proposition that some of the events giving rise to his claims arose in: (1) Seminole County, Florida; and (2) Leon County, Florida. See generally DE#1. Seminole County is likewise in the Middle District of Florida. 28 U.S.C. § 89(b). Leon County, by contrast, is located in the Northern District of Florida. 28 U.S.C. § 89(a). However, the complaint is not amenable to a plausible inference that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Northern District of Florida.

[2] In lieu of dismissal, the case should be transferred to the Middle District of Florida under § 1406(a). Although plaintiff's allegations are vague and meandering, his complaint does not yet appear futile.

```
William Edmond
192979
Florida State Prison-West Unit
Inmate Mail/Parcels
PO Box 800
Raiford, FL 32083
PRO SE
```