United States District Court
for the
Southern District of Florida

| | |
|---|---|
| William Edmond, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 18-24491-Civ-Scola |
| ) | |
| The 18th Judicial Circuit of ) | |
| Seminole County Florida Clerk of ) | |
| Courts, Defendant. ) | |

## **Order on Magistrate Judge's Report and Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On October 30, 2018, Judge White issued a report (ECF No. 3) recommending that Plaintiff William Edmond's case be transferred to the Middle District of Florida. The Petitioner has not filed any objections and the time to do so has long passed. As a result, the Court reviews Judge White's report for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The venue provision that Judge White relies on, 28 U.S.C. § 1391, governs all civil actions. *See* 28 U.S.C. § 1391(a)(1) ("[T]his section shall govern the venue of all civil actions brought in district courts of the United States."). From a review of Edmond's filing, the Southern District of Florida does not appear to be the proper venue for this case despite the fact that Edmonds addresses the Wilkie D. Ferguson Jr. United States Courthouse in his filing. *See* 28 U.S.C. § 1391(1) & (2).

First, although Edmonds directs his inquiries to various entities and asks that his filing be submitted to others, the only named Defendant in Edmond's case caption is "The 18th Judicial Circuit of Seminole County Florida Clerk of Courts." The Eighteenth Judicial Circuit of Florida serves both Brevard and Seminole Counties, which are both within the Middle District of Florida. *See* 28 U.S.C. § 89(b). Further, Edmond appears to be referencing certain documents he mailed from Florida State Prison, which is also located in the Middle District of Florida. Although Edmonds's filing suggests that some of the documents he submitted or attempted to submit were directed to the Office of Executive Clemency, which is in the Northern District of Florida, the Court

agrees with Judge White that the Middle District of Florida is the more appropriate venue.

Accordingly, the Court agrees that this case should be transferred to the Middle District of Florida. *See* 28 U.S.C. § 1406. The Court therefore **affirms and adopts** Judge White's report and recommendation (**ECF No. 3**) to the extent Judge White recommends transferring this case to the Middle District of Florida.[1] The Court directs the Clerk to **transfer** this case to the United States District Court for the Middle District of Florida. The Clerk is also directed to **amend** the case caption in this case to reflect that Edmond named the "The 18th Judicial Circuit of Seminole County Florida Clerk of Courts" as the Defendant in his case caption. Thereafter, the Clerk shall **close** this case.

**Done and ordered**, at Miami, Florida, on November 30, 2018.

Robert N. Scola, Jr.
United States District Judge

---

[1] Upon review of the record, the Court disagrees with Judge White's categorization of Edmond's case as one filed pursuant to 28 U.S.C. § 1983. Edmond does not cite to § 1983 in his filing and has not filed any other documents that indicate that he is filing such a claim. Edmond's filing is partially entitled "an inquiring motion" and asks for clarification regarding certain submissions related to his state habeas petition. He also alleges that there has been interference with his legal mail.